O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY BASILE,<br><br>        **Plaintiff,**<br><br>  **vs.**<br><br>**VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,**<br><br>      **Defendants.** | **Case No.: SACV 14-2004 DOC(ANx)**<br><br>**ORDER APPOINTING LEAD PLAINTIFF [11] [14] [18]** |

Before the Court are two competing motions for appointment as lead plaintiff, one from two institutional investors, the State Teachers Retirement System of Ohio and the Iowa Public Employees Retirement System ("Ohio STRS and IPERS"), who propose that they alone should be appointed lead plaintiffs, and one from two individual investors, Martin Voet and Victoria Browning, who propose that they and Ohio STRs and IPERs be appointed as co-lead plaintiffs. Having considered the papers and the arguments made at oral argument on April 20, 2015, the Court hereby GRANTS Ohio STRS's and IPERs' motion (Dkt. 18) and DENIES Voet's and Browning's motion (Dkt. 14). Patricia Robinson's motion is DENIED AS MOOT.[1]

This case is a putative securities class action brought by Allergan, Inc. ("Allergan") investors who sold shares during the time that Defendants Valeant Pharmaceuticals International

---

[1] Originally, there were three competing motions. However, Patricia Robinson withdrew her motion in order to support Voet's and Browning's proposal. *See* Movant Patricia Robinson's Memorandum in Support of the Voet & Pension Fund Group's Motion for Appointment of Lead Plaintiffs and Lead Counsel (Dkt. 31).

and Pershing Square Capital Management, L.P. were purchasing shares as part of their allegedly illegal strategy to take over Allergan. The suit was originally filed on December 16, 2014, by Plaintiff Anthony Basile, represented by the law firm Bottini and Bottini, Inc. ("Bottini & Bottini") and Cotchett Pitre and McCarthy LLP ("Cotchett Pitre"). Compl. (Dkt. 1).

Under the Private Securities Litigation Reform Act ("PSLRA"), in securities class actions, the Court must appoint a member or members of the purported class to serve as lead plaintiff(s). Lead plaintiffs, in turn, are responsible for selecting lead counsel. Under the PSLRA, there is a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy. Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

Here, both sets of movants meet requirement (aa). Thus, the Court's analysis focuses on requirements (bb) and (cc). There is no dispute that Ohio STRs and IPERS are the shareholders with the biggest financial stake in this case. Collectively, they sold 275,920 Allergan shares during the class period. *See* Declaration of Blair A. Nicholas Ex. A (Dkt. 18-2). None of the other plaintiffs contest that they meet the typicality and adequacy requirements of Rule 23.

The only question before the Court is whether the two individual investors with the largest losses, Victoria Browning and Martin Voet, should be appointed as co-lead plaintiffs along with the two institutional investors, Ohio STRS and IPERS. Browning sold 9,000 shares and Voet sold 12,000 shares. *See* Declaration of Francis A. Bottini, Ex. B (Dkt. 16-2). The chief

argument in favor of this proposal is that individual investors may have a better sense of the devastating effects of the securities fraud on individual class members and individual investors may be more sympathetic witnesses if the case goes to trial. Voet & Pension Fund Group's Reply Memorandum in Support of Motion for Appointment of Lead Plaintiffs and Lead Counsel (Dkt. 32) at 4-6. As discussed at oral argument, the Court recognizes that these may be real benefits to the class. The Court also recognizes the work that Bottini & Bottini and Cotchett Pitre, who also serve as Browning's and Voet's counsel, have done so far in getting this case filed.

However, the Court is not inclined to force the four plaintiffs and their law firms into an arranged marriage when two of them do not want to be part of it. Practically speaking, this may lead to non-productive conflict among plaintiffs' counsel. Legally, the Ninth Circuit and district courts in this circuit have expressed doubt that it is appropriate under the PSLRA to appoint co-lead plaintiffs where the plaintiffs have not filed a joint motion to be appointed together. *Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 711 n.4 (9th Cir. 2009) (suggesting that a district court may have erred by appointing two competing movants as co-lead plaintiffs); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 673 (C.D. Cal. 2005) (rejecting a smaller investor's proposal that it be appointed as co-lead plaintiff with a larger investor competing to be appointed lead plaintiff); *accord Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 WL 426260, at *10 (N.D. Cal. Feb. 14, 2008).

Accordingly, the Court ORDERS as follows:

1.      Ohio STRS's and IPERS's Motion is **GRANTED**.

2.      Ohio STRS and IPERS are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action and all related actions consolidated pursuant to paragraph 4 of this Order.

3.      Ohio STRS's and IPERS's selections of Co-Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP are **APPOINTED** as Co-Lead Counsel for the Class.

4.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any subsequently filed, removed, or transferred actions that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes.

5.      Every pleading in the above-captioned action shall have the following caption:

| | |
|---|---|
| IN RE ALLERGAN, INC. PROXY VIOLATION SECURITIES LITIGATION | No.:  8:14-cv-02004-DOC-AN<br><br>CLASS ACTION |

DATED:      May 5, 2015

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE