1

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**

2

RICHARD D. GLUCK
(Bar No. 151675)

3

rich.gluck@blbglaw.com
12481 High Bluff Drive, Suite 300

4

San Diego, CA 92130
Telephone:  (858) 793-0070

5

Facsimile:   (858) 793-0323

6

-and-

7

8

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**

ELI R. GREENSTEIN

9

(Bar No. 217945)
egreenstein@ktmc.com

10

One Sansome Street, Suite 1850
San Francisco, CA 94104

11

Telephone:  (415) 400-3000
Facsimile:   (415) 400-3001

12

13

*Counsel for Lead Plaintiffs*

14

*[Additional counsel on signature page]*

15

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

16

**SOUTHERN DIVISION**

17

18

IN RE ALLERGAN, INC. PROXY
VIOLATION SECURITIES
LITIGATION

Case No. **8:14-cv-02004 DOC (KESx)**

19

20

CLASS ACTION

**PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO
COMPEL FURTHER RESPONSES
TO INTERROGATORIES AND
REQUESTS FOR ADMISSION**

21

22

23

**[Discovery Document:  Referred to
Magistrate Judge Karen E. Scott]**

24

25

Date:           August 9, 2016
Time:           10:00 a.m.

26

Courtroom:   6D
Discovery Cut-Off Date: 3/31/2017

27

Pretrial Date: 8/21/2017

28

Trial Date:    9/19/2017

In their portion of the Joint Stipulation (ECF No. 169-1) (the "Opposition"), Plaintiffs demonstrated that Defendants' motion was procedurally improper and substantively meritless.  Plaintiffs established that in April 2016—at the outset of discovery—they provided good faith responses to Defendants' interrogatories that were as comprehensive as possible based on then-available information.  Plaintiffs also set forth five discrete reasons why Defendants' motion should be denied, including that Defendants' demands for complete and final answers to premature "contention interrogatories" at such an early stage of the litigation was inappropriate and inconsistent with well-settled law in this Circuit.  *See* ECF No. 169-1 at 43-47; *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).[1]

Plaintiffs also explained that Defendants' motion was moot because Plaintiffs had already agreed to supplement their responses on July 15, 2016 to include updated information pursuant to Rule 26(e) based on ongoing discovery.  Rather than simply waiting two weeks to review Plaintiffs' amended responses, however, Defendants' forged ahead with their wasteful 55-page motion and ignored Plaintiffs' efforts to conserve judicial and party resources.  As promised, Plaintiffs have now served amended interrogatory responses that have been updated based on ongoing investigation and discovery.  These amended responses have rendered this entire motion moot and the previous briefing stale.[2]

Lacking any valid reason to proceed with this motion, Defendants' strategy appears to be solely to distract and burden Plaintiffs and the Court.  Such tactics should not be countenanced and Defendants' unnecessary motion should be denied.

***Interrogatory No. 1***:   This Interrogatory originally sought information regarding Plaintiffs' trades in certain Allergan securities during a more than two-year

---

[1]  Plaintiffs also noted that Defendants failed to meet their burden of demonstrating specific grounds for the early contention interrogatories. ECF No. 169-1 n.4.

[2]  Defendants have acknowledged this in substantial part by confirming that they are withdrawing the motion as to Interrogatory No. 2 and Plaintiffs' responses to Defendants' requests for admission, which comprised many pages of their motion.

time period.  ECF No. 169-1 at 12.  In April 2016, Plaintiffs provided information regarding each and every purchase or sale of Allergan common stock during the Class Period (February 25, 2014 to April 21, 2014).  After those responses were served—and despite Plaintiffs' belief that trading outside of the Class Period was irrelevant under well-established case law—Plaintiffs nevertheless agreed to expand the time period and provide information on additional Allergan securities transactions—*i.e.*, common stock, derivatives, and futures—for a period *five times* longer than the Class Period (February 1, 2014 – December 31, 2014).

On July 15, as promised, Plaintiffs provided amended responses that, as permitted under Rule 33(d), cited to and incorporated trading records maintained by Plaintiffs sufficient to identify their purchases and sales in Allergan common stock or derivatives during the expanded time period.  These materials included, to the extent that Plaintiffs maintained the information, the date and price of each trade, the related broker and/or bank, the market for the trading, the type and nature of security traded and information regarding beneficial ownership.  Thus, Plaintiffs not only provided all responsive and reasonably available trading information, but also information for a time period far beyond what could conceivably be relevant to this case.  *See id*. at 48-51.  Nothing more is required under Rule 33, nor have Defendants articulated any perceived deficiencies with Plaintiffs' amended response.  *See id*. at 51-53.

***Interrogatory No. 3***:   This Interrogatory seeks Plaintiffs' "contentions" regarding the material, nonpublic information in Defendants' possession relating to Allergan.   Plaintiffs' April 2016 responses provided a good faith, two-page explanation of their contentions regarding seven categories of nonpublic information possessed by Defendants during the Class Period relating to Allergan.  *Id*. at 21-23.  Plaintiffs also quoted from Defendant Bill Ackman's own public admission that he "***absolutely***" possessed material, nonpublic information that shareholders who sold Allergan stock did not have when they traded.  *Id*. at 22.  Further, Plaintiffs provided

Plaintiffs' Supplemental Memorandum In Opposition to Defendants' Motion to Compel
Interrogatories and Requests for Admission
Case No.  8:14-CV-02004 DOC (KESx)                                                    2

authority establishing that contention interrogatories regarding Plaintiffs' materiality claims were premature and inappropriate at this early stage of the proceeding. *Id*. at 60. This response therefore readily satisfied Rule 33.

On July 15, Plaintiffs nonetheless updated their response to provide even more information—and to avoid unnecessary motion practice. More specifically, to address Defendants' complaint that the original responses "refer[red] back to the[] Amended Complaint" (*Id*. at 58), Plaintiffs removed those references, as each relevant contention is based on Plaintiffs' ongoing discovery and investigatory efforts. Similarly, because Defendants complained that the responses were "qualified" with "non-exhaustive details" (*Id*. at 58), Plaintiffs amended their response to reflect "presently known facts." Declaration of Eli R. Greenstein ("Greenstein Decl."), Ex. A at 17-19.

Plaintiffs also updated the substance of their responses based on ongoing analysis and discovery, to include additional contentions confirming that each Defendant was aware of the inside information during the Class Period and explaining why Plaintiffs contend the concealed information was material. Greenstein Decl., Ex. A at 20-21 ("The information was material because there is a substantial likelihood that this information would have been viewed by a reasonable investor as having significantly altered the total mix of information available to Allergan shareholders at the time they traded."). Requiring anything more at this early stage of the proceeding is inappropriate and violates bedrock materiality principles in PSLRA litigation. *See* ECF No. 169-1 at 60.

In sum, Plaintiffs have already provided a good faith answer based on currently known information. That is all that is required in this Circuit. *See id*. at 43-45 (collecting cases). And there is no colorable argument that Defendants will be prejudiced in any respect. In addition to having detailed information regarding Plaintiffs' contentions at this stage of the case, Defendants also have unfettered

access to the relevant documents, witnesses, and facts concerning material, nonpublic information *they* possessed during the Class Period. *See Convergent*, 108 F.R.D. at 337-338 ("where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail"). Plaintiffs, on the other hand, will be prejudiced if they are required to provide full and final responses while they are still seeking documents, information, and testimony from Defendants that will shed light on these issues. Indeed, Defendants have so far blocked Plaintiffs from taking a single fact deposition. They cannot at the same time demand full and final responses to contention interrogatories based on an incomplete discovery record.

*Interrogatory No. 4*: Interrogatory No. 4 requests that Plaintiffs identify the "last date" upon which any material, nonpublic information possessed by Defendants "remained undisclosed to the public markets." Defendants have admitted that this Interrogatory seeks information regarding the "measure of Plaintiffs' potential damages." ECF No. 169-1 at 61. As Plaintiffs explained in their Opposition, however, the issue of damages in securities class actions is within the province of experts and requires complex expert analysis and discovery, which will not be completed until the Court-ordered exchange of expert reports on January 13, 2017 and the expert discovery deadline of March 31, 2017. *See id*. at 60-61.

Moreover, as Plaintiffs explained in their objections, the determination of the specific date(s) upon which a piece of material nonpublic information was "disclosed" or reasonably digested by the market and/or "remained undisclosed to the public markets" is subject to economic and statistical analysis. This will be informed by facts and evidence developed in discovery—including fact depositions and documents produced by Defendants and third parties such as securities analysts. Notwithstanding these realities, on July 15, Plaintiffs updated their response in good

faith by providing further information regarding their contentions, as well as authority that the information sought is within the ambit of expert opinion and testimony and was premature. Greenstein Decl., Ex. A at 22-24.

Defendants' attempt to prematurely force Plaintiffs to provide detailed information regarding damages issues and analysis prior to the Court's deadlines for expert disclosures is inappropriate and inconsistent with decades of Rule 33 jurisprudence regarding contention interrogatories. *See* ECF No. 169-1 at 60-61.[3] In fact, Defendants made the very *same* objection in response to Plaintiffs' contention interrogatories surrounding Defendants' defenses. *See id.* at 64 ("Pershing Square further objects to this Interrogatory to the extent that it calls for legal conclusions and/or is ***subject to expert analysis and discovery, including merits expert discovery***, which is not yet complete.").

Plaintiffs provided their best, good faith answer at this early stage of the proceedings. Plaintiffs will supplement their answer following appropriate expert analysis and discovery under Rule 26(e). This satisfies Rule 33.

For the foregoing reasons and those set out in the Opposition, Plaintiffs respectfully request that the Court deny Defendants' motion to compel.

---

[3] *See also Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, No. 02-C-5893 ("*Household*") (N.D. Ill. Sept. 20, 2004), ECF No. 180 at 2-3 ("at this stage in the litigation, defendants were not entitled to the breadth of damages information they were seeking . . . based partially on the fact that ***damages in securities fraud cases are generally an issue addressed by experts***"); *Roberts v. Heim*, 130 F.R.D. 424, 428 (N.D. Cal. 1989) ("If an answer to any of the Defendants' interrogatories can only be provided by resort to Plaintiffs' experts, Plaintiffs should so state in their answers to such an interrogatory. ***If this be the case, then Defendants can only ascertain this information through expert discovery as provided for in Federal Rule of Civil Procedure 26(b)(4)(A) and may not do so through the vehicle of contention interrogatories***.") (emphasis added); *Household*, (N.D. Ill. Sept. 19, 2006), ECF No. 677 at 4-5 (holding that plaintiffs need not respond to interrogatories seeking "the disclosures that reveal ***when and how*** the market learned of" the alleged fraud until two months prior to the close of fact discovery because "the market may learn of possible fraud through a number of sources [besides a formal corrective disclosure]…[and] the court does not believe the disclosures are inextricable from the expert's loss causation analysis").

Dated: July 26, 2016

Respectfully submitted,

KESSLER TOPAZ
    MELTZER & CHECK, LLP

*/s/ Eli R. Greenstein*
ELI GREENSTEIN (Bar No. 217945)
egreenstein@ktmc.com
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
RUPA NATH COOK (Bar No. 296130)
rcook@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

DARREN CHECK (*Pro Hac Vice*)
dcheck@ktmc.com
LEE RUDY (*Pro Hac Vice*)
lrudy@ktmc.com
JOSH D'ANCONA (*Pro Hac Vice*)
jdancona@ktmc.com
JUSTIN O. RELIFORD (*Pro Hac Vice*)
jreliford@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
RICHARD D. GLUCK (Bar No. 151675)
rich.gluck@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

-and-

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
INTERROGATORIES AND REQUESTS FOR ADMISSION
CASE NO. 8:14-CV-02004 DOC (KESx)

6

1

2  MARK LEBOVITCH (*Pro Hac Vice*)
   markl@blbglaw.com

3  JEREMY P. ROBINSON (*Pro Hac Vice*)
   Jeremy@blbglaw.com

4  MICHAEL D. BLATCHLEY (*Pro Hac Vice*)
   michaelb@blbglaw.com

5

6  EDWARD G. TIMLIN (*Pro Hac Vice*)
   edward.timlin@blbglaw.com

7  1251 Avenue of the Americas, 44th Floor
   New York, NY 10020

8  Telephone: (212) 554-1400

9  Facsimile: (212) 554-1444

10

11 *Co-Lead Counsel for Lead Plaintiffs and the
   Putative Class*

12

13 MURRAY MURPHY MOUL +
           BASIL LLP

14 BRIAN K. MURPHY
   murphy@mmmb.com

15 JOSEPH F. MURRAY

16 murray@mmmb.com

17 1114 Dublin Road
   Columbus, OH 43215

18 Telephone: (614) 488-0400
   Facsimile: (614) 488-0401

19

20 *Special Counsel for the Ohio Attorney General*

21

22

23

24

25

26

27

28

Plaintiffs' Supplemental Memorandum In Opposition to Defendants' Motion to Compel
Interrogatories and Requests for Admission
Case No.  8:14-CV-02004 DOC (KESx)                                                                 7