Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope St.
Los Angeles, California 90071
Telephone: (213) 680-8400

John P. Coffey (*admitted pro hac vice*)
scoffey@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Attorneys for Pershing Square Defendants*
*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION—SANTA ANA

| | |
|---|---|
| IN RE ALLERGAN, INC. SECURITIES LITIGATION | CASE NO. 14-CV-02004-DOC (KES) |
| | Honorable David O. Carter |
| | **PERSHING DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES FROM PLAINTIFFS TO INTERROGATORIES AND REQUESTS FOR ADMISSION** |
| | Date:                   August 9, 2016 |
| | Time                    10:00 a.m. |
| | Courtroom:              6D |
| | Discovery Cut-Off Date: 3/31/2017 |
| | Pretrial Date:          8/21/2017 |
| | Trial Date:             9/19/2017 |

## I.   PLAINTIFFS' AMENDED RESPONSES DO NOT MOOT THIS MOTION.

Only *after* Pershing Square served its portion of the Joint Stipulation did Plaintiffs' counsel offer to amend their responses to "address the issues . . . raised by" Pershing.[1] Plaintiffs argue that their offer "renders [the] motion entirely moot."[2] But an *offer* moots nothing; Plaintiffs needed to actually *provide* responses curing the deficiencies raised in this motion, not just offer them. And what they ultimately served (weeks after this motion was filed) largely fails to do so:

| Request | Reasons for Deficiency | Cured in Amended Response? |
|---|---|---|
| **Interrog. No. 1** <br><br> (Trading History) | **Ownership / Exchange Information**: "[N]either the responses nor any of the cited documents 'identify or describe the nature of ownership' or the 'market or exchange on which [Plaintiffs'] trade was transacted.'"[3] | **No.** Plaintiffs still do not provide this information. Plaintiffs cite additional documents, but of the same type that were cited before (and which do not contain the requested information).[4] |
| | **Limitation to Common Stock**: "Plaintiffs have objected to this Interrogatory to the extent it seeks any information on Allergan securities other than Allergan common stock . . . [But] Plaintiffs cannot credibly claim that their positions in [other] securities would be irrelevant. . . ."[5] | **No.** Plaintiffs represented in the Joint Stipulation that they "agreed to provide additional information concerning other Allergan-related securities,"[6] but their amended response *still* "object[s] to this Interrogatory as overbroad to the extent it seeks documents other than those relating to Plaintiffs' sales of Allergan common stock."[7] And the |

---

[1]   ECF No. 169-17, Greenstein Decl. Ex. 3 at 2 (Letter from Robinson to Holscher) (6/22/2016).

[2]   ECF No. 169-1 ("Joint Stipulation") at 4:22-26.

[3]   Joint Stipulation at 49:7-20.

[4]   Norris Suppl. Decl. (filed concurrently herewith) Ex. 3 at Response to Interrog. No. 1 (Interrog. Resps. Redline Comparison).

[5]   Joint Stipulation at 49:21-50:9.

| Request | Reasons for Deficiency | Cured in Amended Response? |
|---|---|---|
| | | documents Plaintiffs reference in their amended responses still relate solely to *common* stock.[8] |
| | **Limitation to Class Period**: "Plaintiffs have gone out of their way to avoid providing Pershing Square with any information regarding their trading that occurred outside of the class period."[9] | **No**. Pershing Square's request relates to the time period between January 1, 2013 and March 18, 2015. Plaintiffs' amended response is different than the alleged Class Period, but is still limited to February 1, 2014 to December 1, 2014.[10] The broader time period Pershing Square requested is relevant for the reasons described in the Joint Stipulation.[11] |
| | **Inadequate Records**: The documents identified in the response are insufficient.[12] | **No.** For the reasons described above and in the Joint Stipulation, the records referenced in the amended response remain insufficient. |
| **Interrog. No. 2** (Substantial Steps) | **Failure to Identify Substantial Step(s)**: Plaintiffs' response to Interrogatory No. 2 failed to adequately describe each step Plaintiffs contend was a | Plaintiffs' amended responses do not address all of the issues Pershing Square raised in the Joint Stipulation. Nonetheless, in light of Plaintiffs' amendment, Pershing Square will |

---

[6]   Joint Stipulation at 52:22–23

[7]   Norris Suppl. Decl. Ex. 3 at Response to Interrog. No. 1 (Interrog. Resps. Redline Comparison).

[8]   *Id.*, Exs. 7, 8 (Examples of Referenced Trading Records).

[9]   Joint Stipulation at 51:2-3.

[10]   Norris Suppl. Decl. Ex. 3 at Response to Interrog. No. 1 (Interrog. Resps. Redline Comparison).

[11]   Joint Stipulation at 51:2-11.

[12]   *Id.* at 51:12-22.

| Request | Reasons for Deficiency | Cured in Amended Response? |
|---------|------------------------|---------------------------|
| | substantial step within the meaning of Rule 14e-3.[13] | voluntarily withdraw its motion as to this interrogatory, without prejudice.[14] |
| **Interrog. Nos. 3, 4** <br><br> (Material Non-Public Information) | **Refusal to Provide Requested Information**: "Plaintiffs responses steadfastly refuse to definitively specify (i) what information was possessed, (ii) which Defendant(s) possessed it, (iii) the date that any Defendant came into possession of the information, and (iv) how the information related to a tender offer; or (v) when the information became public."[15] | **No.** Plaintiffs still do not provide this information; in fact, Plaintiffs' amended responses include *additional objections* that were not contained in the prior responses, as the attached redline comparison demonstrates.[16] |
| **RFA Nos. 11, 12, 16-25** | **Failure to Provide Admission or Denial**: Plaintiffs refused to provide an admission or denial notwithstanding the information available to them in this action.[17] | Plaintiffs litter their response with irrelevant "admissions" and objections. Assuming Plaintiffs have denied these requests for admission, Pershing Square withdraws its motion without prejudice and will consider a later motion to remedy Plaintiffs' bad faith denials. If Plaintiffs are not denying the requests, then Pershing Square seeks to compel an admission or denial as described in the Joint Stipulation.[18] |

---

[13]  *Id.* at 53:2-56:22.

[14]  Pershing Square has already informed Plaintiffs' counsel of this fact.

[15]  Joint Stipulation at 58:27-59:3.

[16]  Norris Suppl. Decl. Ex. 3 at Response to Interrog. Nos. 3, 4 (Interrog. Resps. Redline Comparison).

[17]  Joint Stipulation at 65-72.

[18]  Norris Suppl. Decl. Ex. 6 (Req. for Admis. Redline Comparison).

3

Indeed, Plaintiffs' inadequate amendment only underscores the problem with Plaintiffs' discovery approach. If Pershing Square had agreed to withdraw its motion (as Plaintiffs asked), it would only have caused further delay—three weeks to receive amended responses; at least ten days to meet and confer; and several weeks to prepare and file another joint stipulation.

## II.   THE INTERROGATORIES ARE NOT "PREMATURE."

Plaintiffs also argue Pershing Square's "contention interrogatories" are "premature." Not so. The interrogatories ask Plaintiffs to identify *what their contentions are*. They do not ask Plaintiffs to identify "all facts and evidence" in support of them. In any event, Pershing Square has produced tens of thousands of pages of documents in this case. Pershing Square simply asks for the information known to Plaintiffs *at this time*. Trading information (Interrogatory No. 1), for example, is in Plaintiffs' possession *now*. In light of the information that has already been provided, there is no reason Plaintiffs cannot explain *why* they believe the "material information relating to a tender offer" was "material," or when it became public (Interrogatory Nos. 3, 4).

## III.   PERSHING SQUARE DID NOT VIOLATE LOCAL RULE 37-1.

Finally, Plaintiffs argue that "Defendants violated Local Rule 37-1 by failing to meet and confer in good faith to 'eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.'"[19] This is false. On April 27, 2016, Pershing Square's counsel sent Plaintiffs' counsel a seven-page letter—which Plaintiffs' counsel attaches to his declaration—explaining Pershing Square's position request-by-request in detail.[20] On May 9, 2016, the parties discussed these issues for nearly *two hours*.[21] Other than in a few marginal respects, Plaintiffs' counsel insisted that their responses were sufficient as stated.[22] Having not received a single amended response

---

[19]   Joint Stipulation at 4.

[20]   ECF No. 169-16, Greenstein Decl. Ex. 2 (the "April 27 Letter").

[21]   ECF No. 169-3, Norris Decl. ¶ 3.

[22]   *See id.*

from Plaintiffs for six weeks, Pershing Square's counsel then served its portion of the Joint Stipulation on Plaintiffs' counsel.[23]

Pershing Square has already raised Plaintiffs' abuse of Local Rule 37-1 with the Court.[24] Indeed, for nearly every discovery issue the parties have encountered in this case, Plaintiffs have relied on the same tired abuse of Local Rule 37-1: (1) failing to provide meaningful discovery despite requests for unquestionably relevant information; (2) insisting on marathon, multi-hour meet-and-confer sessions during which they stonewall; (3) failing to agree to provide the requested information; and then (4) after Pershing Square takes steps to raise issues with the Court, asserting that they will amend their responses to frustrate Pershing Square's ability to bring the issues to the Court's attention. Plaintiffs' arguments in the Joint Stipulation are simply the apogee of Stage 4.

Plaintiffs' argument that Pershing Square "sandbagged Plaintiffs with a 55-page motion" is a fiction. Each of the issues raised in the Joint Stipulation was raised in Pershing Square's April 27 Letter, and discussed on the parties' two-hour meet-and-confer telephone call.[25] Pershing Square has not raised *any* argument in this motion that was unaddressed during those discussions. If Plaintiffs were inclined to compromise, they had every opportunity to do so; no rules required Pershing Square to engage in a futile debate or repeatedly confirm that Plaintiffs had not changed their minds. Ironically, what Plaintiffs fail to recognize is that their own *failure to offer to compromise until Pershing Square filed a motion* violates the letter and spirit of the meet-and-confer requirement. That is gamesmanship, not good faith.

\*   \*   \*

For the foregoing reasons, Pershing Square's motion to compel should be granted as to Interrogatory Nos. 1, 3, and 4.

---

[23]   ECF No. 156, Ex. B at 8 (E-mail from Norris to Plaintiffs' Counsel) (6/21/2016).
[24]   ECF No. 156 at 4.
[25]   ECF No. 169-3, the April 27 Letter; ECF No. 169-3, Norris Decl. ¶ 3.

Dated:    July 26, 2016                      Respectfully Submitted,

/s/ Mark Holscher
Mark Holscher (SBN 139582)
Michael Shipley (SBN 233674)
Jay Bhimani (SBN 267689)
Austin Norris (SBN 284603)
KIRKLAND & ELLIS LLP
333 South Hope St.
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

/s/ John P. Coffey
John P. Coffey (*admitted pro hac vice*)
Eileen M. Patt (*admitted pro hac vice*)
Kaavya Viswanathan (*admitted pro hac vice*)
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Attorneys for Pershing Square Defendants*

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  July 26, 2016                    KIRKLAND & ELLIS LLP

By: /s/ Mark Holscher
     Mark Holscher

*Attorneys for Pershing Square Defendants*