Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Michael Shipley (SBN 233674)
michael.shipley@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500

*Attorneys for Pershing Square Defendants*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION—SANTA ANA

| | |
|---|---|
| IN RE: ALLERGAN, INC. PROXY VIOLATION SECURITIES LITIGATION | Case No.: 8:14-cv-2004-DOC-(KES)<br><br>Honorable David O. Carter<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE REBUTTAL EXPERT REPORT OF MUKESH BAJAJ, PH.D.**<br><br>Hearing Date: Feb. 13, 2017<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. David O. Carter |

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REBUTTAL BAJAJ REPORT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs—not Defendants—bear the burden of establishing that "damages are capable of measurement on a classwide basis." *Comcast v. Behrend*, 133 S. Ct. 1426, 1431 (2013); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 577 (C.D. Cal. 2014). As Defendants explained in their opposition to Plaintiffs' Motion for Class Certification,[1] while Plaintiffs need not actually compute damages, they must at least present "a methodology for calculation of damages" that can "produce a class-wide result." *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014). In an attempt to make this showing, Plaintiffs submitted an expert report from Dr. Mukesh Bajaj[2] in support of their Motion for Class Certification.[3] Dr. Bajaj's report devoted only two short paragraphs to discussing a damages methodology.[4] In the first paragraph, he concluded that "damages in this matter can be calculated using a common formula that measures the difference between the selling price actually received and the true value of the shares . . . ."[5] Dr. Bajaj never described what formula or methodology he would use to measure "the true value of the shares." In his second paragraph, he simply concluded that such "true value" is "subject to common proof"—without explaining how or why that is—"and a common formula"—without providing or describing such formula.[6] Thus, Defendants filed an objection to Dr. Bajaj's Opening Report, on the grounds that it was conclusory, and did not even attempt to satisfy the requirements of scientific validity under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).[7] Now, with their *reply brief* in support of their Motion for Class Certification, Plaintiffs submit *another* report from Dr. Bajaj.[8]

---

[1] ECF No. 259 (Opposition to Motion for Class Certification) at 21.
[2] ECF No. 229–11 (Bajaj Opening Report).
[3] ECF No. 228–1 (Motion for Class Certification).
[4] ECF No. 229–11 (Bajaj Opening Report) ¶¶ 68, 69.
[5] *Id.* ¶ 68.
[6] *Id.* ¶ 69.
[7] ECF No. 259–1 (Objection to Bajaj Opening Report) at 3.
[8] ECF No. 266–3 (Bajaj Rebuttal Report).

-1-
**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REBUTTAL BAJAJ REPORT**

1  This "Rebuttal Report" purports to provide additional analyses concerning the deficient
2  opinion set forth in Dr. Bajaj's Opening Report.[9] It should be stricken.
3       Dr. Bajaj could easily have included the detail he now provides in his "Rebuttal"
4  report in his Opening Report, and his refusal to do so is obviously a tactic to foreclose
5  Defendants from challenging his conclusions either in his deposition or in Defendants'
6  opposition to Plaintiffs' Motion for Class Certification. Indeed, Plaintiffs were appointed
7  as lead plaintiffs in this case on May 5, 2015.[10] They did not file their Motion for Class
8  Certification until October 11, 2016.[11] Dr. Bajaj was also retained in March 2016,[12] many
9  months before Plaintiffs filed their Motion for Class Certification (in October 2016).[13]
10 Thus, Dr. Bajaj had plenty of time to draft and submit the 12 pages of text he belatedly
11 included only in his Rebuttal Report. Courts routinely reject such belated submission of
12 expert testimony, particularly when, as here, a party should have submitted such
13 testimony with its opening motion. *See, e.g., In re Taco Bell Wage & Hour Actions*, 2011
14 WL 4479730, at *7 (E.D. Cal. Sept. 26, 2011) (refusing to consider supplemental expert
15 declaration submitted as part of plaintiffs' reply in support of class certification;
16 explaining that "[n]ew evidence or analysis presented for the first time in a reply will not
17 be considered") (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir.
18 2000)); *VS Techs., LLC v. Twitter, Inc.*, 2011 WL 4744911, at *8 n.5 (E.D. Va. Oct. 5,
19 2011) (granting motion to strike submission of expert testimony along with reply
20 memorandum in support of summary judgment); *Bell v. Ascendant Solutions, Inc.*, 2004
21 WL 1490009, at *1 & n.1 (N.D. Tex. July 1, 2004) (denying class certification and noting

---

[9]     *Id.* at 7–19.
[10]    ECF No. 57 (Order Appointing Lead Plaintiff).
[11]    ECF No. 228–1 (Motion for Class Certification).
[12]    ECF No. 252–17 (Bajaj Dep. Tr.) at 8:5–6.
[13]    ECF No. 228–1 (Motion for Class Certification).

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REBUTTAL BAJAJ REPORT**

1  that the court "discourages [the] practice" of offering expert testimony on market
2  efficiency for the first time in reply brief), *aff'd* 422 F.3d 307 (5th Cir. 2005).[14]

3      For the foregoing reasons, the Court should exclude Dr. Bajaj's Rebuttal Expert
4  Report.

---

[14]    In their response to Defendants' Evidentiary Objections to the Declaration of Dr. Mukesh Bajaj, Plaintiffs suggest that the opinions set forth in Dr. Bajaj's Rebuttal Report were described during his deposition. ECF No. 266–17 at 5–6. In support of this proposition, Plaintiffs cite just two pages (98 and 99) of Dr. Bajaj's deposition transcript. *Id.* It should be self-evident that these two pages of the transcript—consisting of approximately 400 words (ECF No. 259–15 (Bajaj Dep. Tr.) at 98–99)—do not contain the same detail or analysis that is set forth in the 12 pages of Dr. Bajaj's Rebuttal Report relating to these issues. Moreover, if Dr. Bajaj's deposition transcript did cover these opinions, then Dr. Bajaj does not need the damages opinions at pages 7 through 19 of his Rebuttal Report at all, and they should be stricken on that basis too.

| | |
|---|---|
| Dated: February 3, 2017 | Respectfully submitted, |
| | KIRKLAND & ELLIS LLP |
| | |
| | By: /s/ Mark Holscher |
| | Mark Holscher (SBN 139582) |
| | mark.holscher@kirkland.com |
| | Michael Shipley (SBN 233674) |
| | michael.shipley@kirkland.com |
| | Jay Bhimani (SBN 267689) |
| | jay.bhimani@kirkland.com |
| | Austin Norris (SBN 284603) |
| | austin.norris@kirkland.com |
| | 333 South Hope Street |
| | Los Angeles, California 90071 |
| | Telephone: (213) 680-8400 |
| | Facsimile: (213) 680-8500 |
| | |
| | -and- |
| | |
| | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| | John P. Coffey (*admitted pro hac vice*) |
| | scoffey@kramerlevin.com |
| | Eileen M. Patt (*admitted pro hac vice*) |
| | epatt@kramerlevin.com |
| | Seth Schinfeld (*admitted pro hac vice*) |
| | sschinfeld@kramerlevin.com |
| | 1177 Avenue of the Americas |
| | New York, NY 10036 |
| | Telephone: (212) 715-9100 |
| | Facsimile: (213) 715-8000 |
| | |
| | *Attorneys for Pershing Square Defendants* |

-4-

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REBUTTAL BAJAJ REPORT**

| | | |
|---|---|---|
| 1 | Dated: February 3, 2017 | Respectfully Submitted, |
| 2 | | SULLIVAN & CROMWELL LLP |
| 3 | | By: /s/ Brian T. Frawley_____ |
| 4 | | Brian T. Frawley |
| | | frawleyb@sullcrom.com |
| 5 | | Laura K. Oswell |
| 6 | | oswelll@sullcrom.com |
| | | 1870 Embarcadero Road |
| 7 | | Palo Alto, CA 94303 |
| 8 | | Telephone: 650-460-5600 |
| 9 | | *Attorneys for Valeant Pharmaceutical International, Inc., Valeant Pharmaceuticals International and AGMS, Inc.* |

-5-

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REBUTTAL BAJAJ REPORT**

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: February 3, 2017  KIRKLAND & ELLIS LLP

By: /s/ Mark Holscher
    Mark Holscher

*Attorneys for the Pershing Square Defendants*