Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Michael Shipley (SBN 233674)
michael.shipley@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500

*Attorneys for Pershing Square Defendants*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| IN RE: ALLERGAN, INC. PROXY VIOLATION SECURITIES LITIGATION | Case No.: 8:14-cv-2004-DOC-(KES) <br><br> Honorable David O. Carter <br><br> <u>CLASS ACTION</u> <br><br> **PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS' MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2** <br><br> Hearing Date:  June 14, 2017 <br> Time:  2:00 p.m. <br> Courtroom:  9D <br> Judge:  Hon. David O. Carter |

**PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS' MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2**

As the Court's order setting a hearing on this motion reflects, the parties have already submitted "extensive briefing on the[ ] issues" presented by this motion. Dkt. 344. Moreover, Pershing Square generally agrees that Special Master O'Brien's Special Master Report and Recommendation No. 2, Dkt. 343, accurately reflects the procedural posture of the current dispute and factual and legal issues that are at issue. Accordingly, Pershing Square limits this supplemental filing to a few brief points and references its opposition filed with Special Master O'Brien (and provided to the court) and the prior argument transcript for the full extent of its arguments.

Defendants have been clear throughout this litigation that they are not asserting and do not intend to assert any defense based on the advice of counsel. Defendants made that entirely clear to the Court as early as the February 8, 2016 Rule 26(f) Report and have repeated the assertion over and over again throughout the litigation. *See* Dkt. 126 at 6 ("Defendants assert that they have not waived privilege and have no intention to waive privilege in the future or to assert an advice of counsel defense."); *see also* Dkt. 160, 162. At Plaintiffs' request, Special Master O'Brien set a deadline by which Defendants were required to "inform Plaintiffs and the Court, in writing . . . if they intend to rely on the advice of counsel as a component of any of their defenses to this action." Dkt. 219. On that date—March 31, 2017—Defendants, by letter to Plaintiffs filed with the Special Masters, yet again reiterated that "Defendants have not asserted, and do not now assert, an advice of counsel defense." *See* Reliford Decl. Ex. 2.[1] Defendants' only qualification was that, if Plaintiffs made their motion (threatened for more than a year) to pierce Defendants' assertions of the attorney-client privilege, Defendants reserved the right to rely on any materials ordered produced pursuant to such a motion. *Id.*

With that record in place, Plaintiffs are fully protected against what they purport

---

[1] Citations to declarations are to the evidence submitted to the Special Masters, filed with the Court by Special Master O'Brien on May 31, 2017. Dkt. 343.

-1-
**PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS'
MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2**

to fear: Defendants springing an advice-of-counsel defense on them just prior to trial. Defendants are aware of the consequence of disclaiming any advice-of-counsel defense and anticipate being held to it by the Court.

But Plaintiffs are not satisfied with that. Indeed, what they *really w*ant is a tactical advantage. Their motion to "enforce Special Master Order No. 2"—an order requiring only *disclosure*—has evolved to seek an order that expressly permits them to prove elements of their case by presenting evidence about Defendants' counsel, while precluding Defendants from denying and responding to Plaintiffs' assertions with non-privileged evidence to the contrary. Plaintiffs want the option to re-characterize Defendants' lawyers' involvement in early 2014 as "substantial steps toward a tender offer" without allowing Defendants to present non-privileged evidence that their attorneys were not working on a tender offer until late May 2014.

The relief sought in the motion amounts to a premature motion in limine based on Plaintiffs' idle speculation about what Defendants' lawyers *might* say during trial. Disclaiming any advice–of–counsel defense or any waiver of privilege, Defendants will not present evidence that they were advised by counsel that their conduct was legal. Nor will Defendants assert that the existence of such advice means that Defendants cannot be liable for violating the securities laws. That said, some of these lawyers are percipient witnesses to events outside of their roles in providing advice. Among other things, several of them participated in the negotiation of the initial agreement and the takeover plan as it progressed. The extent of this participation, however, is not even yet clear to Plaintiffs, because although Plaintiffs have only recently noticed the depositions of seven lawyers representing Defendants, none of them have been deposed yet due to Plaintiffs' scheduling prerogatives. There is simply no basis at this time to predetermine the admissibility of unprivileged testimony that might be offered only to rebut Plaintiffs' own assertions.

Plaintiffs' efforts to back into a forced subject-matter waiver based on fleeting

-2-

**PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS'
MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2**

references to legal advice revealed in discovery also have no merit. To date, Plaintiffs' arguments suggest that they plan to insinuate to the jury that innocuous actions (retention of counsel, negotiation of a standard confidentiality agreement, conduct of due diligence, etc.) show that Defendants and their lawyers concocted a scheme to commit insider trading. Simultaneously, they want the Court to issue a broad order that would preclude admission of any *non-privileged* evidence regarding what these lawyers actually did and said during the negotiation and execution of the transaction.

It is true that these unprivileged discussions between Valeant and Pershing Square—as well as their lawyers at Kirkland & Ellis, Sullivan & Cromwell, Skadden Arps and several firms advising on Delaware and Canadian law—offer insight into the parties' understanding of the law that would govern their transaction. *See generally* Reliford Decl. Exs. 6, 7. Indeed, it would be remarkable if the negotiation of any transaction this scrutinized and this complex did not include such discussions. Defendants have not withheld these communications from discovery on the basis of the attorney-client privilege or the common interest doctrine because they are simply not privileged. *See, e.g.*, *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 512 (D. Conn. 1976). But "an attorney['s] . . . detailed explanation of a legal matter during negotiations in an effort to convince the adversary about the merits of his client's cause . . . does not waive the privilege." 2 Paul Rice, *Attorney-Client Privilege in the United States* § 9:32 (2016 online ed.) ("*Attorney-Client Privilege*").

Similarly, Plaintiffs' papers recount certain high-level statements from witnesses to investors and the press—during the unfolding events of 2014, not in connection with this lawsuit—regarding their belief that Defendants were well-advised and thus sure of the overall legality of Defendants' actions in the underlying events. *See, e.g.*, *id.* Ex. 12. Plaintiffs' position seems to be that there is a subject-matter waiver of privilege whenever a businessperson, asked if his or her actions are lawful, responds that he or she has consulted with expert counsel and the actions are

-3-
**PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS' MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2**

lawful. Under their theory, a businessperson must remain silent when challenged about the legality of his or her actions or risk waiving privilege. But "[t]hat is not the law." *See John Doe Co. v. United States*, 350 F.3d 299, 304 (2d Cir. 2003). In any event, Defendants have not sought to preclude discovery on these statements, as there is no basis to withhold on privilege grounds.[2]

But Defendants' disinclination to make unmeritorious privilege objections in the face of Plaintiffs' discovery requests and deposition questions does not mean that *Defendants* have injected, or intend to inject, this evidence into a trial in this case. *Cf. Mattel, Inc. v. MGA Entm't, Inc.*, 2010 WL 3705902, at *6 (C.D. Cal. Sept. 22, 2010) (finding subject matter waiver when *trial testimony* relayed facts from counsel's privileged investigation and party relied on that testimony as proof that it acted without malice). Plaintiffs are the masters of their own discovery; Defendants have no control over what documents they demand or what questions they ask in depositions. But *Plaintiffs'* injection of issues or evidence into a case cannot force an implied subject-matter waiver of *Defendants'* privilege.

So if Plaintiffs, not Defendants, decide to put the parties' and their lawyers' negotiations in issue by alleging that they constitute substantial steps to commence a tender offer, it is Plaintiffs who have taken up the sword. In those circumstances they are not entitled to an order that precludes Defendants from introducing non-privileged

---

[2]  As explained in Pershing Square's opposition to the motion filed before the Special Master, these fleeting statements were too high level and general to create an express waiver of any privilege that applied to the referenced advice. But were that incorrect, given that the disclosures were made entirely outside of this litigation without purpose to obtain any advantage in it, so long as Pershing Square does not affirmatively attempt to admit the statements or put the advice in issue, whatever waiver occurred would be limited to the "particular communication that was disclosed, and the previous confidential communications alluded to in that disclosed communication." 2 *Attorney-Client Privilege* § 9:32; *see also Electro Sci. Indus., Inc. v. Gen. Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D. Cal. 1997); *Addington v. U.S. Airline Pilots Ass'n*, 2009 WL 348744, *2 (D. Ariz. 2009).

-4-

**PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS'
MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2**

evidence regarding the negotiations simply because it might also merit some inference that Defendants' lawyers did, in fact, advise their clients that the transaction did not violate the securities laws (an inference that Defendants have repeatedly explained that they will not argue).

For a subject-matter waiver to occur, "the *holder* must inject a new factual or legal issue into the case." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987) (emphasis added). Merely denying or responding to issues raised by an opposing party is not enough. *Id.*; *see also* 2 Attorney-Client Privilege § 9:49.

Finally, Plaintiffs' own conduct confirms that they do not really believe that any privilege has been waived. Plaintiffs are largely regurgitating arguments about waiver that they have been making since the inception of this litigation. *See, e.g.*, Dkt. 126 Ex. A. Indeed, nearly a year ago, Pershing Square explained that "[i]f Plaintiffs are truly concerned that Pershing Square has selectively disclosed privileged documents—as Plaintiffs . . . have been arguing since January 2016—they should file a motion establishing waiver of the privilege, and seek the production of documents over which they claim Pershing has waived privilege." Dkt. 162 at 16 (July 1, 2016). Although everyone involved in the litigation—Plaintiffs, the Court, Defendants—has acknowledged the enormous impact a waiver ruling would have on the schedule in this case, with less than a month left in discovery, Plaintiffs' long-threatened motion has never come. If anything, it is Plaintiffs who should be seen as waiving their current arguments due to their prejudicial delay in raising them despite having ample opportunities to do so over the past year-and-a-half. Instead, Plaintiffs chose to move for an order regarding compliance with the Special Master's *disclosure* order, which Defendants fully and completely complied with on the deadline set by that order. Indeed, it was only after Defendants' opposition briefs established that their compliance was pellucid, that Plaintiffs pivoted on reply to argue that they are entitled to some premature in limine-type relief, and then largely only at oral argument before

-5-
**PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS'
MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2**

1  Special Master O'Brien that they truly focused on waiver.
2       Pershing Square fully complied with Special Master Order No. 2. Once again,
3  Pershing Square is not offering and will not offer a defense of advice of counsel. Nor
4  will it offer evidence of any advice provided by its attorneys concerning the legality of
5  the transaction—including advice reflected in non-privileged documents and
6  deposition answers. That alone should resolve any issues presented in Plaintiffs'
7  motion.
8       The motion should be denied.

| | | |
|---|---|---|
| 1 | Dated: June 9, 2017 | Respectfully submitted, |
| 2 | | KIRKLAND & ELLIS LLP |
| 3 | | By: /s/ Mark Holscher |
| 4 | | |
| 5 | | Mark Holscher (SBN 139582) |
| | | mark.holscher@kirkland.com |
| 6 | | Michael Shipley (SBN 233674) |
| | | michael.shipley@kirkland.com |
| 7 | | Jay Bhimani (SBN 267689) |
| 8 | | jay.bhimani@kirkland.com |
| | | 333 South Hope Street |
| 9 | | Los Angeles, California 90071 |
| 10 | | Telephone: (213) 680-8400 |
| | | Facsimile: (213) 680-8500 |
| 11 | | |
| 12 | | -and- |
| 13 | | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| 14 | | John P. Coffey (*admitted pro hac vice*) |
| | | scoffey@kramerlevin.com |
| 15 | | Eileen M. Patt (*admitted pro hac vice*) |
| 16 | | epatt@kramerlevin.com |
| | | 1177 Avenue of the Americas |
| 17 | | New York, NY 10036 |
| 18 | | Telephone: (212) 715-9100 |
| | | Facsimile: (213) 715-8000 |
| 19 | | |
| 20 | | *Attorneys for Pershing Square Defendants* |

-7-

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: June 9, 2017

KIRKLAND & ELLIS LLP

By: /s/ Mark Holscher
   Mark Holscher

*Attorneys for Pershing Square Defendants*

-8-

**PERSHING SQUARE DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFFS' MOTION TO ENFORCE SPECIAL MASTER ORDER NO. 2**