Brian T. Frawley (*pro hac vice*)
frawleyb@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel.: (212) 558-4000
Fax: (212) 558-3588

Laura K. Oswell (SBN 241281)
oswelll@sullcrom.com
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303-3308
Tel.: (650) 461-5600
Fax: (650) 461-5700

*Attorneys for Defendants Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, and J. Michael Pearson*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE ALLERGAN, INC. PROXY VIOLATION SECURITIES LITIGATION | Case No. 8:14-cv-2004-DOC (KESx)<br><br>**DEFENDANTS VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, AND J. MICHAEL PEARSON'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SPECIAL MASTER ORDER NO. 2**<br><br>Judge: Hon. David O. Carter<br>Amended Complaint Filed: June 26, 2015 |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | Preliminary Statement | 1 |
| II. | The Relief Actually Sought in Plaintiffs' Motion—To Enforce Special Master Order No. 2—Is Admittedly Moot | 2 |
| III. | Plaintiffs' Preclusion Request Seeks Unavailable, Highly Prejudicial Relief in the Form of a Premature *in Limine* Motion | 5 |
| | A. Without Any Shred of Support, Plaintiffs Seek Exclusive Use of Defendants' Privileged and Non-Privileged Evidence | 5 |
| | B. By any Measure, This Motion is a Premature *In Limine* Motion | 8 |
| IV. | Valeant Has Neither Put at Issue Any Legal Advice Nor Waived Any Attorney-Client Privilege | 9 |
| | A. Valeant Will Not Rely on Legal Advice at Trial | 10 |
| | B. Valeant's Defenses Put No Legal Advice at Issue | 10 |
| | C. Valeant's Answers to Deposition Questions Reflect no Affirmative Act Putting Its Privileged Advice at Issue For its Benefit | 11 |
| | D. Valeant's Compliance With its Discovery Obligations to Produce Non-Privileged Information Could Not Under Any Circumstance Give Rise to a Waiver of any Privilege | 13 |
| | E. Public Statements Defending Conduct as Legal—None Made by Valeant—Waive No Privilege | 14 |
| V. | Conclusion | 15 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbe* v. *City of San Diego*,
  2007 WL 4146696 (S.D. Cal. Nov. 9, 2007) ...................................................... 11

*Bittaker* v. *Woodford*,
  331 F.3d 715 (9th Cir. 2003) .............................................................................. 9

*Cardtoons, L.C.* v. *Major League Baseball Players Ass'n*,
  199 F.R.D. 677 (N.D. Okla. 2001) ................................................................... 12

*CMC Steel Fabricators, Inc.* v. *RK Const., Inc.*,
  2010 WL 4136154 (W.D. La. Oct. 19, 2010) .................................................... 6

*Diversified Indus., Inc.* v. *Meredith*,
  572 F.2d 596 (8th Cir. 1977) .............................................................................. 6

*Engman* v. *City of Ontario*,
  2011 WL 2463178 (C.D. Cal. June 20, 2011)..................................................... 9

*Home Indemnity Co.* v. *Lane Powell Moss & Miller*,
  43 F.3d 1322 (9th Cir. 1995) ...................................................................... 10, 11

*John Doe Co.* v. *United States*,
  350 F.3d 299 (2d Cir. 2003) .............................................................................. 15

*In re Kellogg Brown & Root, Inc.*,
  796 F.3d 137 (D.C. Cir. 2015) .......................................................................... 12

*Metric Constructors, Inc.* v. *Bank of Tokyo-Mitsubishi, Ltd.*,
  1998 WL 1742589 (E.D.N.C. Sept. 28, 1998) ............................................ 12, 13

*Mitre Sports Int'l Ltd.* v. *Home Box Office, Inc.*,
  304 F.R.D. 369 (S.D.N.Y. 2015)....................................................................... 13

*Rates Tech., Inc.* v. *Elcotel, Inc.*,
  118 F.R.D. 133 (M.D. Fla. 1987) ..................................................................... 15

*Regents of Univ. of California* v. *Micro Therapeutics, Inc.*,
  2007 WL 2069946 (N.D. Cal. July 13, 2007) .................................................. 14

*Rich* v. *Bank of Am., N.A.*,
   666 F. App'x 635, 641 (9th Cir. 2016) ................................................................ 8

*Sabratek Liquidating LLC* v. *KPMG LLP*,
   2003 WL 22715820 (N.D. Ill. Nov. 18, 2003) ..................................................... 7

*Sorensen* v. *Black & Decker Corp.*,
   2007 WL 1976652 (S.D. Cal. Apr. 9, 2007) ........................................................ 8

*Sylgab Steel & Wire Corp.* v. *Imoco-Gateway Corp.*,
   62 F.R.D. 454 (N.D. Ill. 1974) ........................................................................... 14

*Trustees of Elec. Workers Local No. 26 Pension Trust Fund* v. *Trust Fund Advisors, Inc.*,
   266 F.R.D. 1 (D.D.C. 2010) ................................................................................. 8

*United States* v. *Gray*,
   2007 WL 1848030 (N.D. Cal. June 27, 2007) ................................................... 10

*XYZ Corp.* v. *United States*,
   348 F.3d 16 (1st Cir. 2003) ................................................................................ 14

*Yeti Coolers, LLC* v. *RTIC Coolers, LLC*,
   2016 WL 8677303 (W.D. Tex. Dec. 30, 2016) .................................................. 14

**Other Authorities**

Federal Rule of Civil Procedure 16 ............................................................................ 8

Federal Rule of Civil Procedure 53 ............................................................................ 5

Federal Rule of Evidence 402 .................................................................................... 7

Federal Rule of Evidence 502 .................................................................................. 10

Pursuant to the Court's Order re Special Master Report (ECF No. 344), Defendants Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, and J. Michael Pearson (the "Valeant Defendants") hereby submit their Supplemental Brief in Opposition to Plaintiffs' Motion to Enforce Special Master Order No. 2.

## I. Preliminary Statement

By this Motion, Plaintiffs seek to compel Defendants' compliance with Special Master Order No. 2, which modified the scheduling order in this case "to reflect that Defendants shall inform Plaintiffs and the Court, in writing, by [March 31, 2017] if they intend to rely on the advice of counsel as a component of any of their defenses to this action." (ECF No. 219, at 11.) On March 31, 2017, Defendants confirmed once again that they were not relying on advice of counsel. (Reliford Decl. ISO Mot., Ex. 2.) Although Plaintiffs initially asserted a semantic argument that Defendants did not technically comply with Special Master Order No. 2,[1] Plaintiffs have now fully acknowledged that Defendants did in fact comply with the Order. (May 8, 2017 Hr'g Tr. at 76:16-19 ("But that's what Special Master Order Number 2 required, was for them to say what our plan is. And they elected at the deadline, 'We're not going to rely on legal advice.').)[2] Plaintiffs Motion should be denied on this basis alone.

Even though Plaintiffs brought this motion as a procedural scheduling matter (May 8, 2017 Hr'g Tr. at 15:24-16:4), they have requested unprecedented

---

[1] At the hearing before the Special Master, Plaintiffs pretended that Defendants' letter remained unclear, and that they were reserving the right to introduce at trial conclusory "top level" legal advice. This is not so, as Valeant once again made clear to the Special Master. (*See, e.g.*, May 8, 2017 Hr'g Tr. at 59:14-18 ("That's not what's at issue here because we do not intend to present top level, mid-level, or any other level, the lawyers' advice in defense of our case, which is what we said before this motion was even filed.").)

[2] The transcript of the May 8, 2017 hearing before the Special Master is attached to the Declaration of Laura K. Oswell as Exhibit A.

and extraordinary relief far beyond any scheduling or discovery matter, which led to Special Master O'Brien referring this Motion to the Court. Plaintiffs request that the Court enter either (i) an order that bars Defendants from introducing any evidence that is supposedly related to "Defendants' counsel's advice, analysis, or conduct," or ***any communications involving counsel***, while explicitly allowing Plaintiffs to use this evidence (Proposed Order No. 1), or (ii) an order that Defendants waived privilege and compelling production of Defendants' privileged documents (Proposed Order No. 2). No facts or law support these requests.

*First*, the relief sought by this Motion is unavailable and, in any event, premature. Without a single supporting authority, Plaintiffs seek to impose a one-sided preclusion order that grants it unfettered use of the record evidence, but limits Defendants' ability to use the same evidence. This request is supported by nothing, and is contrary to law and the Rules of Evidence. Moreover, this request is a premature *in limine* motion, which under this Court's schedule are not to be filed until the end of the year.

*Second*, the production and use of non-privileged evidence does not raise any issue of privilege, much less give rise to some privilege waiver.

*Third*, Valeant has not once put its legal advice at issue in this litigation. To the contrary, it is Plaintiffs who have sought incessantly to put Valeant's legal advice at issue. This case presents no issue of using privileges as a sword and a shield. Valeant has not once sought to rely on privileged advice.

**II.   The Relief Actually Sought in Plaintiffs' Motion—To Enforce Special Master Order No. 2—Is Admittedly Moot**

By this Motion, Plaintiffs seek to "compel compliance with Special Master Order No. 2." At the hearing before Special Master O'Brien on this motion, Plaintiffs' counsel reiterated this fact: "The way I see it is this was an order that you issued, and we're asking you to enforce your own order." (May 8, 2017 Hr'g Tr. at 14:19-21.) Yet, there is no issue here about whether the Valeant

Defendants complied fully with Special Master Order No. 2. Indeed, Special Master O'Brien's Report and Recommendation did not refer this issue to this Court, but instead recognized that Defendants complied with his Order. (Report at 3:10-3:23.)

From the very first Rule 26(f) Conference with this Court, and for nearly a year and a half since that conference, Valeant has been unwavering in its commitment that it will not rely on privileged legal advice of its counsel in this action, and thus it will not waive its attorney-client privileges.[3] Over that same year and a half, Plaintiffs have repeated ad nauseam their claim that Valeant already waived privilege to some unspecified extent, but doing so only inferentially, while steadfastly avoiding actually bringing a motion to compel discovery arguing waiver.[4] When Plaintiffs' sought to haphazardly raise their waiver argument as a *scheduling matter* in an addendum to their Rule 26(f)

---

[3] (*See* Joint Rule 26(f) Report (ECF No. 126), at 15 ("Defendants have not waived privilege and have no intention to waive privilege in the future or to assert an advice of counsel defense."); Valeant Defs.' Opp'n to Pls.' Mot. to Modify the Feb. 22, 2016 Scheduling Order (ECF No. 160), at 1 ("Valeant has stated unequivocally and repeatedly that it is not asserting an advice of counsel defense in this action, and that it has no intention of doing so in the future."); Valeant's Opp'n to Pls.' Mot. to Compel Docs. from Valeant's Privilege Logs, at 5 ("Valeant has repeatedly told Plaintiffs that it is not relying on an advice of counsel defense in this action and therefore has not put any advice of counsel at issue.").)

[4] (*See* Joint Rule 26(f) Report (ECF No. 126), at 11 ("Plaintiffs believe that Defendants have already squarely placed the advice they received from counsel at issue in this action . . . . To be clear, Plaintiffs are not now asking the Court to determine whether Defendants have already waived privilege by inserting advice of counsel as an issue."); Pls.' Mot. to Modify the Feb. 22, 2016 Scheduling Order (ECF No. 151), at 1 ("Defendants continue to repeatedly reference and rely upon certain self-serving aspects of their attorneys' advice and actions, while preventing discovery into that advice"); *Id.* at 19 n.6 ("To be clear, Plaintiffs are not at this time seeking a ruling on whether Defendants have already expressly or implicitly waived privilege through prior disclosures, testimony or conduct."); Pls.' Reply ISO Mot. to Compel Docs. from Valeant's Privilege Logs, at 2 ("Valeant's affirmative defenses and sworn discovery responses have placed any pre-May 28, 2014 tender offer communications at issue resulting in a waiver.").)

-3-

statement, this Court admonished Plaintiffs that the Court would not "accept it in an appendix form. . . . The ball's in your park. You file a formal motion, not an appendix." (Feb. 22. 2016 H'rg Tr. at 35:12-20.)

For sixteen months, Plaintiffs did not do so. Indeed, they have yet to make any motion to compel the production of privileged materials, either before the Special Masters or in this Court. Instead, recognizing that Valeant had *not* elected to waive privilege or to assert some reliance on counsel defense, Plaintiffs have instead filed seriatim motions *pursuant to Rule 16(b)(4)*, which allows *only* for "modifying a schedule" upon a showing of "good cause," seeking only to impose a deadline by which Valeant must either seek to amend its answer to assert such a defense and thereby waive privilege, or be precluded from invoking the defense. (Pls.' Mot. to Modify the Feb. 22, 2016 Scheduling Order (ECF No. 151), at ii.)

Ultimately, the Special Masters entered Special Master Order No. 2, which set a deadline by which Defendants were required to "inform Plaintiffs and the Court . . . if they intend to rely on the advice of counsel as a component of any of their defenses to this action." (ECF No. 219.) As has been their consistent position throughout this litigation, when this March 31, 2017 deadline arrived, Defendants reiterated that they did not intend to rely on the advice of counsel.

After filing a motion to compel enforcement of this Order and needlessly wasting the parties' and the Special Masters' time briefing this issue, Plaintiffs' counsel admitted at the hearing on their Motion that Defendants in fact complied with Special Master Order No. 2 and elected not to assert a defense based on legal advice. As admitted by Plaintiffs:

> But that's what Special Master Order Number 2 required, was for them to say what our plan is. And they elected at the deadline, "We're not going to rely on legal advice."

(May 8, 2017 Hr'g Tr. at 76:16-19.) Defendants unequivocally did so. That should be the end of the inquiry.

### III. Plaintiffs' Preclusion Request Seeks Unavailable, Highly Prejudicial Relief in the Form of a Premature *in Limine* Motion

This motion does not present any discovery dispute or any request to compel evidence from Defendants. Special Master O'Brien recognized as much when he ruled that the unresolved aspects of this matter did not fall within the category of "discovery motions and other discovery disputes" delegated to the Special Masters under Federal Rule of Civil Procedure 53. (Report at 8:12-16.) Indeed, Plaintiffs told the Special Master that they *declined* to pursue a waiver argument and, instead, sought the reliance on counsel defense deadline for their own strategic reasons. (May 8, 2017 Hr'g Tr. at 17:4-7 ("But the whole point of this exercise of having -- of us moving for a date rather than moving on waiver was to set up an orderly process leading up to trial . . . .").) The strategy pursued by Plaintiffs is obvious. They have sought to erect some procedural barrier to Defendant's use of ***privileged and non-privileged*** materials through some reliance on counsel defense deadline, only to *thereafter* claim waiver following expiration of the deadline and argue that Plaintiffs alone may use various ***privileged and non-privileged*** materials at trial. (Proposed Order No. 1.) This is nonsense.

#### A. Without Any Shred of Support, Plaintiffs Seek Exclusive Use of Defendants' Privileged and Non-Privileged Evidence

Plaintiffs' proposed order seeks to bar Defendants from "introducing evidence regarding, or otherwise invoking, referencing, relying upon, implying, or suggesting in any way advice from or reliance on counsel." (Proposed Order No. 1 ¶ 3.) The proposed order not only seeks to bar deposition testimony, trial testimony and documentary evidence, it also seeks to strike from the record in this case all "references to the advice, analysis or conduct of Defendants' counsel." (*Id.*) One might think that eradication of the record would apply to both sides, such that the references to Valeant's consultations with counsel that form a core part of Plaintiffs' pleading likewise would be stricken from the record. Not so, say

-5-

Plaintiffs. Instead, they say that none of the above prohibitions will apply to Plaintiffs: "nothing in this Order shall limit or preclude in any way Plaintiffs from obtaining or eliciting evidence or testimony regarding any element upon which Plaintiffs bear the burden of proof, including but not limited to, facts concerning Valeant's 'substantial steps' toward a tender or exchange offer." (*Id.* ¶ 4.)

If that was not enough trouncing of Defendants' due process rights, Plaintiffs do not stop there. Astonishingly, Plaintiffs go miles further and seek a mandatory injunction by which Defendants alone would "be permanently barred from relying upon, or asserting facts and evidence relating to, any aspect of their attorneys' legal advice and communications." (Pls.' Proposed Order Granting Motion to Modify February 22, 2016 Scheduling Order (ECF No. 151-1).) Pretending not to understand the difference between privileged legal advice and discoverable non-privileged communications, Plaintiffs ask that Defendants be barred from introducing at trial evidence of even non-privileged communications simply because they involve a lawyer. Of course, "[a] communication is not privileged simply because it is made by or to a person who happens to be a lawyer." *Diversified Indus., Inc.* v. *Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). Plaintiffs cite not one iota of support for their position. There is none. In fact, Plaintiffs acknowledge the fundamental flaws in their position by seeking deposition testimony from no less than eight of Defendants' lawyers. In so doing, Plaintiffs dismissed objections from Pershing that one of those deponents, Kirkland partner Robert Khuzami, await the outcome of this motion, stating that "[b]ecause Mr. Khuzami is a *percipient fact* witness, Plaintiffs anticipate proceeding with this deposition regardless of the outcome of the pending motion." (Declaration of Laura K. Oswell, Ex. B (May 1, 2017 email from J. Robinson), at 1 (emphasis added).) Put differently, Plaintiffs readily concede that the relief sought here seeks to preclude, without any basis, Defendants from presenting fact evidence at trial.

-6-

Plaintiffs do not get exclusive use of the evidence in this case. *See CMC Steel Fabricators, Inc.* v. *RK Const., Inc.*, 2010 WL 4136154, at *2 (W.D. La. Oct. 19, 2010) ("The court agrees that the evidentiary exclusion should apply equally to all parties and, thus, will issue an order excluding evidence of lost 'profits' or incurred 'costs' at the trial of this matter."); *Sabratek Liquidating LLC* v. *KPMG LLP*, 2003 WL 22715820, at *2 (N.D. Ill. Nov. 18, 2003) ("[plaintiff's] motion to exclude the following categories of evidence is granted, provided that [plaintiff] reciprocally refrains from introducing such evidence"). Under Federal Rule of Evidence 402, relevant evidence is admissible at trial unless barred by some law or rule, and no law or rule would allow for Plaintiffs' one-sided use of evidence. Plaintiffs' transparent attempt to deny Defendants equal access to the evidence should be rejected.

By way of example, Plaintiffs' theory of "substantial steps" in this case depends on affirmative proof that Defendants received legal advice. (*See, e.g.*, Pls.' Second Am. Compl. (ECF No. 138), ¶ 79 (alleging Valeant's retention of counsel was a substantial step); Pls.' Opp'n to Motion to Dismiss (ECF No. 85), at 5 ("Valeant took numerous substantial steps toward its Allergan tender offer, including retaining lawyers").) The effect of Plaintiffs' requested relief would be to prevent Defendants from rebutting any evidence Plaintiffs put forward on this point. Likewise, while Plaintiffs cite the negotiations leading up to the merger as evidence that Defendants were taking substantial steps toward a tender offer (Pls.' Opp'n to Motion to Dismiss (ECF No. 85), at 6), they have openly confirmed that they seek ***to bar Defendants from referencing this very same evidence***. (May 8, 2017 Hr'g Tr. at 24:7-9.) Plaintiffs seek improperly to prevent Defendants from rebutting the same evidence Plaintiffs supposedly will rely on to prove their case.

At the hearing before the Special Masters on this motion, Plaintiffs' counsel argued some unfairness in the notion that Defendants can defend themselves through use of non-privileged evidence on some topic, but Plaintiffs

cannot get discovery into any legal advice rendered on the same subject. (*Id.* at 25:4-11 ("[W]e don't get to see whether what actually their lawyers said to them matches what they're telling the other side was said. It's completely unfair.").) This is not a complaint about anything Valeant has affirmatively done in this litigation. This is a core part of our legal system, and an inevitable byproduct of the attorney-client privilege our legal system cherishes. *See Trustees of Elec. Workers Local No. 26 Pension Trust Fund* v. *Trust Fund Advisors, Inc.*, 266 F.R.D. 1, 13 (D.D.C. 2010) ("modif[ying] the absolute attorney-client privilege the common law recognizes to one that is defeasible upon a showing of need and relevance . . . is not a legitimate interpretation of the attorney-client privilege but is a modification of its very essence without legislative authority"); *see also Rich* v. *Bank of Am., N.A.*, 666 F. App'x 635, 641 (9th Cir. 2016) ("[T]he mere fact that privileged communications would be relevant to the issues before the court is of no consequence to the issue of waiver."). Whether or not Valeant received legal advice on some subject in no way constrains or limits its right to mount its defense by introducing non-privileged evidence on that topic. *Sorensen* v. *Black & Decker Corp.*, 2007 WL 1976652, at * 2 (S.D. Cal. Apr. 9, 2007) ("advice of counsel is not 'in issue' [merely] because it is relevant").

### B.     By any Measure, This Motion is a Premature *In Limine* Motion

Before the Special Masters, Plaintiffs protested that they "are not seeking a premature *in limine* ruling." (Pls.' Reply at 10.) Plaintiffs argued instead that they raised only ministerial scheduling issues. (May 8, 2017 Hr'g Tr. at 15:24-16:4 ("The relief that we're seeking really directly relates to the conduct of the discovery in the case. That's sort of – that was the purpose of styling this as a scheduling order in the first place, was to have a date by which the defendants needed to make this election . . . .").) Of course, a scheduling motion under Federal Rule of Civil Procedure 16 provides no grounds to rule on the scope of discovery or the admissibility of evidence at trial.

As Special Master O'Brien noted in concluding that he lacked authority to grant the requested relief, "Plaintiffs' motion could, in fact, be considered a motion *in limine*." (Report at 9:1-2.) And rightly so. Plaintiffs themselves characterize the relief sought as a "preclusion order." (Pls.' Reply at 9.) Yet, courts have rejected as premature attempts to exclude evidence a party has not intended to rely upon at trial or in dispositive motions. *See, e.g.*, *Engman* v. *City of Ontario*, 2011 WL 2463178, at *1 (C.D. Cal. June 20, 2011) ("Given that plaintiffs have not indicated that they intend to introduce into evidence any prior or subsequent civil lawsuits involving the [defendant] City's police officers, the Court concludes that it is premature to address the instant motion in limine"). There are seven months before the Final Pretrial Conference in this matter (Special Master Order No. 8 (ECF No. 225)), and six months before the parties will meet to disclose the exhibits and deposition testimony they intend to use and attempt to resolve evidentiary disputes (L.R. 16-2). The singular date for filing motions *in limine* is mandatory. (S*ee* Scheduling Order & Order re: Pretrial and Trial Procedures (ECF No. 131) ("All motions *in limine* **must** be filed eleven (11) days prior to the [final pre-trial conference].") (emphasis added).) Apart from being meritless, this motion is wildly premature.

### IV. Valeant Has Neither Put at Issue Any Legal Advice Nor Waived Any Attorney-Client Privilege

Plaintiffs have also shoehorned into their Motion an improper request for an order that Defendants have waived privilege. A finding of express waiver requires a disclosure of privileged information to a third party who is not bound by the privilege. *Bittaker* v. *Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). Plaintiffs do not contend that Valeant has disclosed any privileged information in this litigation. A finding of implied waiver requires (1) an *affirmative act by the party asserting privilege* for his own benefit, that (2) puts in issue *privileged communications*, and (3) application of the privilege would deny the opposing

-9-

party access to information vital to its claim or defense. *United States* v. *Gray*, 2007 WL 1848030, at *4 (N.D. Cal. June 27, 2007).[5] As summarized by Special Master O'Brien at page 6 of his Report and Recommendation, Valeant has done nothing to ***affirmatively*** inject the substance of its ***legal advice*** into this litigation.

### A. Valeant Will Not Rely on Legal Advice at Trial

Despite the fact that Valeant has confirmed at every turn that it would not defend this case through reliance on any privileged legal advice, Plaintiffs seek to pierce Valeant's privileges through utter speculation and innuendo. (*See, e.g.*, Mot. at 19 ("It is *reasonable to believe* that Pearson and other Valeant witnesses will attempt to testify in the same manner at trial." (emphasis added)).) Plaintiffs' claim that truthful testimony from deposition witnesses elicited by Plaintiffs indicating that the witness consulted lawyers means "They're saying, 'We're going to use legal advice'" at trial is simply wrong. (May 8, 2017 Hr'g Tr. at 36:4-20.) As Special Master O'Brien recognized, Valeant has made clear that "'the defendants are not going to present some testimony that the lawyers blessed what [defendants] did.'" (Report at 6:9-10 (quoting May 8, 2017 Hr'g Tr. at 58:19-24); *see also id.* at 59:14-18.) This unwavering representation should put to rest Plaintiff's claim that Valeant has or will put any legal advice at issue here.

### B. Valeant's Defenses Put No Legal Advice at Issue

Plaintiffs' contention that Valeant's good faith defense by necessity injects legal advice into these proceedings is baseless. The Ninth Circuit decision in *Home Indemnity Co.* v. *Lane Powell Moss & Miller*, 43 F.3d 1322 (9th Cir.

---

[5] Moreover, even if there was some waiver—and there plainly is not—its scope is not limitless, as Plaintiffs appear to contend. Under Federal Rule of Evidence 502(a), when a disclosure is made in a federal proceeding that waives the attorney-client privilege or work-product protection, "the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together."

1995), controls here. In that case, plaintiff's claim required it to prove the reasonableness of its conduct. *Id.* at 1327. Defendant contended that this "reasonableness" inquiry put at issue the legal advice plaintiff had received on the subject offer. *Id.* The Ninth Circuit rejected this argument, however, and held that while plaintiff *could* "attempt[] to justify its settlement on the basis of its counsel's recommendations," it need not do so, and "so long as the reasonableness of the settlement amount was defended at trial on objective terms apart from the advice of counsel, the attorney-client privilege would be protected." *Id.*

Similarly, in *Abbe* v. *City of San Diego*, 2007 WL 4146696 (S.D. Cal. Nov. 9, 2007), the Court ruled that there was no waiver where "[d]efendant's answer does not reveal reliance upon a defense of advice of counsel" in support of its "good-faith" defense, but instead defendant can support its defense with evidence independent of legal advice. *Id.* at *17. These cases make plain that where, as here, a defendant receives legal advice that *could* support a defense, but it instead supports that defense with independent evidence apart from the advice of counsel, plaintiffs suffer no prejudice from the assertion of the defense.[6]

### C. Valeant's Answers to Deposition Questions Reflect no Affirmative Act Putting Its Privileged Advice at Issue For its Benefit

Plaintiffs assert, with no factual or legal support, that Valeant has used its attorney-client privilege as a sword and a shield. But there has been no sword:

---

[6] Plaintiffs also complain about Valeant's response to their Interrogatory No. 5, which seeks the basis for Valeant's good faith defense. Specifically, Plaintiffs argue that the following responses require waiver: (i) that Sullivan & Cromwell LLP prepared a letter proposing a merger with Allergan (May 8, 2017 Hr'g Tr. at 37), (ii) that the negotiations between Valeant and Pershing's counsel did not contemplate a tender offer (*id.* at 38:23-39:5), and (iii) that the Relationship Agreement says "No steps have been taken towards a tender offer" (*id.* at 39:17-21). But there is no legal advice here. The fact that a law firm prepared a letter is not legal advice; negotiations are not legal advice; and a provision in an agreement is not legal advice. Plaintiffs cannot just pick any document they have and demand that Defendants give them all legal advice related to it.

1  Valeant has not done a single thing to put its legal advice at issue in this litigation.
2  Rather, the only party seeking to inject Valeant's legal advice into this proceeding
3  is the Plaintiffs.  Plaintiffs simply may not seek to put Valeant's privileges at issue
4  — whether through pleadings, discovery or trial — and then claim those privileges
5  are waived.  *Metric Constructors, Inc.* v. *Bank of Tokyo-Mitsubishi, Ltd.*, 1998 WL
6  1742589, at *6 (E.D.N.C. Sept. 28, 1998) ("[I]t cannot be possible for one party to
7  justify piercing his adversary's attorney-client privilege by virtue of its *own*
8  injection of the privilege into the lawsuit.").  Plaintiffs acknowledge that, for more
9  than a year, they have "go[ne] through the exercise" of trying to elicit responses
10 that the witnesses' conduct was informed by undisclosed legal advice "all designed
11 to inform this motion."  (May 8, 2017 Hr'g Tr. at 43:14-17; *see also* Opp'n at 20.)
12 These litigation tactics in no way can support an assertion that Valeant has
13 voluntarily and intentionally put its privileged legal advice at issue.  It has not.
14         Plaintiffs simply cannot force an implied waiver of Defendants'
15 privileges by eliciting truthful responses to Plaintiffs' deposition questions.  *In re*
16 *Kellogg Brown & Root, Inc.*, 796 F.3d 137, 146 (D.C. Cir. 2015) ("[T]he
17 deposition transcript . . . cannot [itself] give rise to inferences that place privileged
18 materials 'at issue.'").  These responses do not constitute the "affirmative act"
19 putting legal advice "at issue" necessary to demonstrate waiver.  *Cardtoons, L.C.*
20 v. *Major League Baseball Players Ass'n*, 199 F.R.D. 677, 683 (N.D. Okla. 2001)
21 ("The Court does not find [responding to questions] sufficient to have placed the
22 documents 'at issue' by Defendant.  Essentially, Plaintiff is still making the
23 affirmative act, and Defendant is responding.").  Although Plaintiffs dredge up
24 snippet after snippet of deposition testimony, (*see, e.g.*, Pls.' Reply at 3-4; May 8,
25 2017 Hr'g Tr. at 42:4-43:7), the common thread behind all of these supposed
26 examples of waiver is that Plaintiffs elicited the testimony as part of their "design[]
27
28

-12-

to inform this motion."[7]  Clearly, the law does not permit Plaintiffs to benefit from their own attempts to put Defendants' legal advice at issue.  *See Metric Constructors*, 1998 WL 1742589, at \*6.

### D. Valeant's Compliance With its Discovery Obligations to Produce Non-Privileged Information Could Not Under Any Circumstance Give Rise to a Waiver of any Privilege

Plaintiffs' final argument is the bizarre contention that Valeant's production and potential use of ***non-privileged*** documents or information waives privilege as to any privileged communications on the same subject.  (*See, e.g.*, May 8, 2017 Hr'g Tr. at 23:3-9.)  Not surprisingly, Plaintiffs cite not a single authority of any kind in support of this unprecedented argument.  Express waiver requires the disclosure of privileged communications, and implied waiver requires the use of privilege as both a sword and a shield.  Neither is implicated by the mere potential use of non-privileged information.

The focus of this argument is the negotiations between Pershing and Valeant of the February 25, 2014 Relationship Agreement.  Critically, ***Plaintiffs themselves argue affirmatively that these negotiations are not in any sense privileged***, as they are arms'-length negotiations between adverse parties.  (May 8, 2017 Hr'g Tr. at 23:16-20.)  Plaintiffs also agree Defendants properly produced these communications in accordance with their discovery obligations.  (*Id.*)

Plaintiffs go on, however, to argue that the production of materials related to the Relationship Agreement is itself a waiver.  (May 8, 2017 Hr'g Tr. at

---

[7] Plaintiffs complain, for example, that, in Mr. Pearson's response to a question asking for his recollection of a meeting with Pershing, he related that during that discussion Pershing told him, among other things, that their lawyers informed them the transaction was unique but legal. (May 8, 2017 Hr'g Tr. at 42:20-43:7.)  This was an accurate and honest answer, providing Mr. Pearson's recollection of a non-privileged conversation.  Like the rest of the deposition testimony Plaintiffs cite, this was not an election to use legal advice as a defense in this litigation.  *See Mitre Sports Int'l Ltd.* v. *Home Box Office, Inc.*, 304 F.R.D. 369, 373 (S.D.N.Y. 2015) ("A party's deposition testimony, whether from an individual witness or a 30(b)(6) witness, does not constitute [an affirmative] use.")

-13-

24:18-25:11.) There is no waiver because cross-table negotiations are not privileged communications. *See XYZ Corp.* v. *United States*, 348 F.3d 16, 24 (1st Cir. 2003) ("a [waiver] rule that would allow . . . waivers to be implied from . . . communications [among counsel in the course of negotiations] would provide perverse incentives: parties would leave attorneys out of commercial negotiations for fear that their inclusion would later force wholesale disclosure of confidential information"). Plaintiffs cite no authority remotely supporting the notion that the content of those discussions are privileged, or that testimony about the negotiations waives any privileges. *See Sylgab Steel & Wire Corp.* v. *Imoco-Gateway Corp.*, 62 F.R.D. 454, 458 (N.D. Ill. 1974) ("[A] party cannot waive its privilege merely if its lawyer, bargaining on its behalf, contends vigorously and even in some detail that the law favors his client's position on a point in issue . . . [L]awyers should not have to fear that positions on legal issues taken during negotiations waive the attorney-client privilege . . . .").

Indeed, it is a routine and common occurrence in this Court and in every court throughout the country for a lawyer to testify about the negotiations of a contract, and the meaning of its terms. Plaintiffs cite no case anywhere stating or implying that, by disclosing those non-privileged discussions, either party waives any privileges. No such case exists. Instead, "because no privileged information has been disclosed, the prohibition against selective waiver is not implicated by the production of [non-privileged] correspondence." *Regents of Univ. of California* v. *Micro Therapeutics, Inc.*, 2007 WL 2069946, at *3 (N.D. Cal. July 13, 2007).

### E.  Public Statements Defending Conduct as Legal—None Made by Valeant—Waive No Privilege

Plaintiffs contend that certain public statements, all from Pershing Square, asserting that its conduct was legal waives some privilege. Yet, it is well-settled that a statement that a person acted in compliance with the law is not a waiver of the legal advice that may underlie that statement. *See, e.g.*, *Yeti Coolers,*

-14-

*LLC* v. *RTIC Coolers, LLC*, 2016 WL 8677303, at *3 (W.D. Tex. Dec. 30, 2016) (statement that "[w]e believe and our attorney has confirmed that we are not infringing" was "at most a disclosure of a legal conclusion and not the disclosure of a confidential attorney-client communication"); *see also* Opp'n at 10-11. If the rule were otherwise, then every time somebody filed a legal brief, pleaded "not guilty," or made any public statement on the same subject on which they have received legal advice (*e.g.*, in an SEC filing), they would waive privilege. *See John Doe Co.* v. *United States*, 350 F.3d 299, 304 (2d Cir. 2003) ("[I]t would follow that whenever a suspect in a criminal proceeding told the prosecutor or an investigating agent that he believed he had done nothing wrong, or whenever a party to a brewing civil dispute made a statement to the adversary to the same effect, he would thereby forfeit his privilege."). "That is not the law." *Id.*[8] In any event, Plaintiffs agree that these public statements amount to no waiver beyond the actual statement made. (May 8, 2017 Hr'g Tr. at 19:17-20:2 ("[if] Mr. Ackman on CNBC . . . says, "Our lawyers told me this is legal" . . . . Well that's an express waiver . . . . The entitlement that we would have there would be . . . really to the advice he was given on that specific point.").)

## V.   Conclusion

Defendants have complied fully with Special Master Order No. 2, and Plaintiffs offer no factual or legal support for their request to limit Valeant's use of non-privileged evidence, or to find any privilege waiver by Valeant. The Motion should be denied.

---

[8] Were the rule otherwise, Plaintiffs likewise would be required to turn over all of their legal advice given their public statements that Defendants' conduct was not lawful. S*ee* Bernstein Litowitz Berger & Grossmann LLP, *Cases: In re Allergan, Inc. Proxy Violation Securities Litigation*, available at https://www.blbglaw.com/cases/00279. But of course this is not the rule. *See, e.g.*, *Rates Tech., Inc.* v. *Elcotel, Inc.*, 118 F.R.D. 133, 134 (M.D. Fla. 1987) (press article stating that "counsel has determined that we are not in violation . . . simply reveal[ed] the general, ultimate conclusion" and did not constitute waiver).

-15-

| | |
|---|---|
| Dated:  June 9, 2017 | Respectfully submitted, |
| | */s/ Brian T. Frawley* |
| | Brian T. Frawley (*pro hac vice*) |
| | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| | New York, New York 10004-2498 |
| | Tel.:  (212) 558-4000 |
| | Fax:  (212) 558-3588 |
| | |
| | Laura K. Oswell (SBN 241281) |
| | SULLIVAN & CROMWELL LLP |
| | 1870 Embarcadero Road |
| | Palo Alto, California 94303-3308 |
| | Tel.:  (650) 461-5600 |
| | Fax:  (650) 461-5700 |
| | |
| | *Attorneys for Defendants Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, and J. Michael Pearson* |

-16-