UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

IN RE ALLERGAN, INC. PROXY VIOLATION SECURITIES LITIGATION

Case No. 8:14-cv-2004-DOC (KES)

CLASS ACTION [359]

Honorable David O. Carter

**ORDER APPROVING
MODIFIED NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

WHEREAS, by Order dated March 15, 2017, the Court certified the above-captioned action (the "Action") to proceed as a class action on behalf of a class consisting of: all persons who sold Allergan, Inc. ("Allergan") common stock contemporaneously with purchases of Allergan common stock made or caused by Defendants during the period February 25, 2014 through April 21, 2014, inclusive (the "Class Period"), and were damaged thereby (the "Class");[1]

WHEREAS, the State Teachers Retirement System of Ohio, the Iowa Public Employees Retirement System, and Patrick T. Johnson (collectively, the "Class

---

[1] Excluded from the Class by definition are: Defendants Pershing Square Capital Management, L.P., PS Management GP, LLC, William Ackman, PS Fund 1, LLC, Pershing Square, L.P., Pershing Square II, L.P., Pershing Square GP, LLC, Pershing Square International, Pershing Square Holdings, Ltd., Michael Pearson, Valeant Pharmaceuticals International, Inc., and Valeant Pharmaceuticals International (collectively, "Defendants"); their officers and directors during the Class Period; members of the immediate family of the individual Defendants and of the excluded officers and directors; any entity in which any of the foregoing has or had a controlling interest; any affiliates, parents or subsidiaries of the Defendants; the legal representatives, agents, affiliates, heirs, successors or assigns of any of the foregoing, in their capacities as such; and Nomura International plc, and any of its affiliates, parents, or subsidiaries.

Representatives") have moved the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the proposed form and content of notices to be disseminated to the Class as well as the proposed method for dissemination of these notices; and

WHEREAS, on June 5, 2017, the Court ordered that "Plaintiffs submit a modified notice that incorporates reference to the likelihood of a damages cap on or before June 12, 2017;"

WHEREAS, the Court has reviewed the modified, proposed notices submitted by the Class Representatives on June 12, 2017, and has found good cause for entering the following Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court approves the form, substance and requirements of the modified Notice of Pendency of Class Action (the "Notice") and the modified Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices"), attached hereto as Exhibits 1 and 2, respectively.

2. The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B), as they clearly and concisely state in plain and easily understood language, the nature of the Action; the definition of the Class certified; the Class's claims, issues or defenses; the trial date; that a Class Member may enter an appearance through an attorney if the member so desires; Class Members' right to request exclusion from the Class; the time and manner for requesting exclusion; and the binding effect of a judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3).  The Notices, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.  The Notices also satisfactorily incorporate reference to the likelihood of a damages cap, as ordered by the Court on June 5, 2017.

3. The Court approves the retention of Garden City Group, LLC as the Administrator.

4. No later than five (5) business days after entry of this Order, Allergan shall provide or cause to be provided to the Administrator, in electronic form (at no cost to Class Representatives, Class Counsel or the Administrator), Allergan's shareholder records (consisting of the shareholder names and addresses) identifying all persons or entities who held Allergan common stock in their own name during the Class Period.

5. The Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first-class mail, postage prepaid, no later than twenty (20) business days from entry of this Order (the "Notice Date"), to potential Class Members at the addresses set forth in the records provided by Allergan pursuant to paragraph 4 above, or who may otherwise be identified with reasonable effort. The Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have sold Allergan common stock during the Class Period. Such nominees shall either: (i) within seven (7) calendar days of receipt of the Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator and the Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable

expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

6. Contemporaneously with the mailing of the Notice, the Administrator shall cause a copy of the Notice to be posted on the website designated for the Action, www.AllerganProxyViolationSecuritiesLitigation.com, from which Class Members may download copies of the Notice.

7. The Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published in *The Wall Street Journal*, *The New York Times*, and *The Financial Times* and to be transmitted over *PR Newswire* no later than ten (10) business days after the Notice Date.

8. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in written form by first-class mail, postmarked no later than sixty (60) calendar days after the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member "requests exclusion from the Class in *In re Allergan, Inc. Proxy Violation Securities Litigation*, Case No. 8:14-cv-2004-DOC (KES)" and must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of Allergan common stock that the person or entity requesting exclusion (a) held as of the opening of trading on February 25, 2014, and (b) sold and/or purchased during the Class Period (February 25, 2014 through April 21, 2014, inclusive), as well as the dates, number of shares, and prices of each such sale and/or purchase; and (iii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization. The request for exclusion shall not be

effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than sixty (60) calendar days after the Notice Date.

10. No later than fifteen (15) business days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class.

11. This Order may be modified by the Court upon motion by one or more of the parties, for good cause shown.

**IT IS SO ORDERED.**

DATED: June 14, 2017

_David O. Carter_
Hon. David O. Carter
United States District Judge