**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE ALLERGAN, INC. PROXY VIOLATION SECURITIES LITIGATION | **Case No. 8:14-cv-02004-DOC-KESx**<br><br>CLASS ACTION<br><br>**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

This matter came on for hearing on June 12, 2018 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable efforts, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal, The New York Times,* and *The Financial Times* and released via *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and reimbursement of Litigation Expenses,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated January 26, 2018 (ECF No. 606) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel are hereby awarded attorneys' fees in the amount of 21% of the Settlement Fund, which is equivalent to $52,500,000 (before interest), and $6,205,108.12 in reimbursement of Plaintiffs' Counsel's litigation expenses (which

fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

5. In addition, the law firm of Cotchett, Pitre & McCarthy, LLP is hereby awarded attorneys' fees in the amount of $84,500 and $3,357.66 in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund) and the law firm of Bottini & Bottini, Inc. is hereby awarded attorneys' fees in the amount of $161,800 and $6,306.90 in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

6. In making this award of attorneys' fees and reimbursement of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a) The Settlement has created a fund of $250,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

1

(b)    The fee sought by Lead Counsel has been reviewed and approved

2    as reasonable by Class Representatives, including the two institutional

3    investor Lead Plaintiffs, that oversaw the prosecution and resolution of the

4    Action;

5        (c)    Copies of the Settlement Notice were mailed to over 61,700

6    potential Class Members and nominees stating that Lead Counsel would apply

7    for attorneys' fees in an amount not to exceed 25% of the Settlement Fund

8    and reimbursement of Litigation Expenses in an amount not to exceed $8.5

9    million;

10       (d)    There were no objections to the requested attorneys' fees and

11   expenses;

12       (e)    Lead Counsel have conducted the litigation and achieved the

13   Settlement with skill, perseverance and diligent advocacy;

14       (f)    The Action raised a number of complex and novel issues;

15       (g)    Had Lead Counsel not achieved the Settlement there would

16   remain a significant risk that Class Representatives and the other members of

17   the Class may have recovered less or nothing from Defendants;

18       (h)    Plaintiffs' Counsel devoted over 136,000 hours, with a lodestar

19   value of over $65.2 million, to achieve the Settlement; and

20

21

1            (i)    The amount of attorneys' fees awarded and expenses to be

2       reimbursed from the Settlement Fund are fair and reasonable and consistent

3       with awards in similar cases.

4       7.     The Court-approved Administrator, Garden City Group, LLC, shall not

5  be reimbursed for total fees and expenses in excess of $580,000.00 in connection

6  with this Action without further order of the Court.

7       8.     Class Representative State Teachers Retirement System of Ohio is

8  hereby awarded $74,839.78 from the Settlement Fund as reimbursement for its

9  reasonable costs and expenses directly related to its representation of the Class.

10      9.     Class Representative Iowa Public Employees Retirement System is

11 hereby awarded $17,887.20 from the Settlement Fund as reimbursement for its

12 reasonable costs and expenses directly related to its representation of the Class.

13      10.    Class Representative Patrick T. Johnson is hereby awarded $35,400

14 from the Settlement Fund as reimbursement for his reasonable costs and expenses

15 directly related to his representation of the Class.

16      11.    Any appeal or any challenge affecting this Court's approval regarding

17 any attorneys' fees and expense application shall in no way disturb or affect the

18 finality of the Judgment.

19

20

21

1      12.    Exclusive jurisdiction is hereby retained over the parties and the Class

2 Members for all matters relating to this Action, including the administration,

3 interpretation, effectuation or enforcement of the Stipulation and this Order.

4      13.    In the event that the Settlement is terminated or the Effective Date of

5 the Settlement otherwise fails to occur, this Order shall be rendered null and void to

6 the extent provided by the Stipulation.

7      14.    There is no just reason for delay in the entry of this Order, and

8 immediate entry by the Clerk of the Court is expressly directed.

9      SO ORDERED this 14th day of August, 2018.

10

11 _____

                   The Honorable David O. Carter

12                   United States District Judge

13

14

15

16

17

18

19

20

21

Order Awarding Attorneys'       6
Fee and Reimbursement of Expenses
Case No. 8:14-CV-02004-DOC-KESx